HOLLAND et al. v. WESTERN UNION TELEGRAPH CO. et al.

(Supreme Court, Special Term, Erie County.    April 3, 1916.)

DEPOSITIONS ⬡⇒7—RIGHT TO TAKE—COMMISSIONS TO TAKE TESTIMONY—REFUSAL.

    In an action begun by the issuing of an injunction order, where the order denying a motion to vacate the injunction was affirmed by the Appellate Division, and defendants thereafter filed an amended answer, a motion for an open commission to take testimony of witnesses in a foreign state to support the defense will be denied; plaintiffs having appealed from the order granting defendants' motion to amend their answer and the taking of depositions to establish the defense.

    [Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 13–22; Dec. Dig. ⬡⇒7.]

Action by James Holland and another against the Western Union Telegraph Company and another. On motion by defendants for an open commission to take testimony of witnesses in Pittsburgh, Pa. Motion denied.

Hoyt & Spratt, of Buffalo, for the motion.
Simon Fleischmann, of Buffalo, opposed.

⬡⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BISSELL, J. It appears from the papers read on this motion that the action was commenced by the issuing of an injunction order and the service of a summons and complaint upon the defendants on the 23d day of November, 1914, and that issue was joined by the service of the defendants' answer on the 16th day of December, 1914; that a motion was thereafter made and denied to vacate the preliminary injunction, and that the order denying such motion was unanimously affirmed by the Appellate Division of this court on the 17th day of November, 1915; that a motion by the plaintiffs for judgment upon the pleadings has been pending undetermined before one of the justices of this court since January 21, 1915; that defendants thereafter, and on March 10, 1916, obtained an order permitting them to amend their answer herein, and that such answer charges the plaintiffs with unlawful conduct in conducting a bucket shop, and that the orders for the transactions carried on by the plaintiffs were executed upon the Consolidated Stock & Produce Exchange of Pittsburgh; that the plaintiffs have appealed from the order granting defendants' motion to amend their answer and the taking of depositions for the purpose of establishing the affirmative defense that the plaintiffs conducted a bucket shop by the execution of orders on the Consolidated Stock & Produce Exchange, of Pittsburgh, will be unnecessary in the event that the appeal from the order granting defendants' motion to amend their answer shall prevail.

In view of the delays in this action and the claim presented and adjudicated upon the issues originally joined in this action, and in further consideration of the fact that it appears from the papers read in opposition to this motion that the plaintiffs have recently made an assignment for the benefit of their creditors, and the taking of depositions pursuant to an open commission of the witnesses named in the moving papers will involve a large expense, all of which will be unnecessary in the event that the appeal from the order granting the defendants' application to serve an amended answer prevails in the appellate court, I am of the opinion that this motion for an open commission at this time should be denied; and an order may therefore be entered, denying the motion for an open commission, with leave to the defendants to renew the same upon the determination of the appeal by the plaintiffs to the Appellate Division from the order granting defendants' motion to amend their answer.